UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-01391-MCS-RAO** | Date | April 22, 2026 |
| Title | *Pascual v. Fresenius Med. Care Practice Holdings, Inc.* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 19) (JS-6)**

Plaintiff Jourjine Pascual moves to remand this action to state court. (Mot., ECF No. 19.) Defendants Fresenius Medical Care Practice Holdings, Inc., and Tessie Nagum, originally sued as Tessa Nagun, filed a brief opposing the motion, (Opp'n, ECF No. 20), and Plaintiff filed a reply, (Reply, ECF No. 23). The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for May 18, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.    BACKGROUND

According to the complaint, Fresenius is a healthcare company that employed Plaintiff as a hemodialysis technician from 2021 to 2024 or 2025. (Compl. ¶¶ 16, 22, ECF No. 1-2.) In 2023, a male coworker "began to harass and demean Plaintiff on a daily basis." (*Id.* ¶ 17.) Plaintiff complained to her supervisor, Ms. Nagum, who "told Plaintiff that she needed to 'get over it' and 'be a grown up.'" (*Id.*) Plaintiff ultimately escalated her complaint to human resources, leading to the transfer of the male coworker. (*Id.*)

Plaintiff sustained an injury to her right hand and wrist on the job in February 2024. (*Id.* ¶ 18.) She filed a claim for workers' compensation and went to Fresenius's healthcare provider. (*Id.*) Although the provider did not place her on work restrictions, Plaintiff felt "that the injury was more severe," so she asked Ms. Nagum for accommodations, such as help lifting containers or a different shift with fewer physical demands. (*Id.* ¶ 19.) Ms. Nagum "refused to even listen to Plaintiff" and denied all requests for accommodation. (*Id.*) The pain from Plaintiff's injury worsened, so she went on medical leave in April 2024 and ultimately had surgery in October 2024. (*Id.* ¶ 20.) She obtained a note authorizing her to return to work in December 2024 with restrictions; she attempted to contact Ms. Nagum to present the note, but Ms. Nagum ignored her. (*Id.* ¶¶ 21–22.) She applied for a position at another Fresenius facility in January 2025, but Ms. Nagum "effectively denied her transfer." (*Id.* ¶ 22.) Plaintiff was thus terminated or constructively terminated. (*Id.* ¶¶ 22, 73–74.)

Plaintiff asserts state law claims under the California Fair Employment and Housing Act ("FEHA") and common law for (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) failure to take steps to maintain a workplace free from discrimination, harassment, and retaliation; (5) retaliation; (6) wrongful termination; (7) wrongful constructive termination; and (8) harassment based on disability. (*Id.* ¶¶ 25–87.) Harassment is the only claim Plaintiff asserts against Ms. Nagum. (*See id.* ¶¶ 78–87.)

Plaintiff originated this action in the Los Angeles County Superior Court, and Fresenius removed it to this Court, invoking diversity jurisdiction. (Notice of Removal ¶¶ 1, 3, ECF No. 1.) On removal, Fresenius took the position that although Ms. Nagum and Plaintiff share California citizenship, Ms. Nagum's citizenship should be ignored in the jurisdictional analysis because she is fraudulently joined as a party. (*Id.* ¶¶ 20–32.)

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal

jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    DISCUSSION

Plaintiff asserts that the case should be remanded because Ms. Nagum is a nondiverse, properly joined defendant. (Mot. 5–9.) Defendants disagree, noting that the Court already suggested the harassment claim against Ms. Nagum was underpleaded, and providing argument why Plaintiff has not stated a claim against her. (Opp'n 10–16.)

In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). In evaluating a claim of fraudulent joinder, a court must remand "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Hunter*, 582 F.3d at 1046). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

To state a claim for harassment under FEHA, a plaintiff must plead "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999)). The harassment must be "conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). The alleged harassment cannot be "conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Id.* The proper test for determining FEHA harassment "focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an

offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009).

As previously forecast, the Court agrees with Defendants that Plaintiff does not adequately state a harassment claim against Ms. Nagum. (*See* Order Re: Mot. to Dismiss 2, ECF No. 18 ("Defense counsel's point regarding Plaintiff's statement of the harassment claim against Ms. Nagum is well taken, as the complaint as currently pleaded does not clearly support Plaintiff's counsel's position that Ms. Nagum was an active wrongdoer who harassed Plaintiff." (internal quotation marks omitted)).) At base, Plaintiff alleges Ms. Nagum denied her requests for accommodation and ignored her requests to return to work. (*E.g.*, Compl. ¶¶ 19, 21–22.) The complaint is not subject to a reasonable inference that this conduct amounts to anything more than Ms. Nagum failing to appropriately perform her role as a supervisor, *see Reno*, 18 Cal. 4th at 646, let alone that ignoring and rejecting a supervisee amounts to conduct so severe or pervasive that it created a hostile work environment, *see Lawler*, 704 F.3d at 1244.

That said, as the Court also noted, Plaintiff possibly could save the claim by amendment. (Order Re: Mot. to Dismiss 3 ("An amendment to the pleading could clarify Plaintiff's theory of her harassment claim against Ms. Nagum . . . .").) In the fraudulent joinder inquiry, a defendant cannot just show that the complaint fails to "plead a viable harassment claim"; it must also "show that Plaintiff will be unable to amend his complaint to add additional allegations of harassment." *Walker v. CBS Broad. Inc.*, No. CV 20-10370-JFW(JPRx), 2020 WL 7631455, at *3 (C.D. Cal. Dec. 22, 2020) (collecting cases). Defendants do not meet their heavy burden to do so; instead, they point to the fact that Plaintiff did not amend in response to the Court's suggestion that she do so. (Opp'n 15–16.) But the Court's order was limited to providing guidance for further discussion in meet-and-confer proceedings. (*See* Order Re: Mot. to Dismiss 1 ("The Court denies the motion for failure to comply with the prefiling conference requirement.").) The Court did not dismiss the harassment claim in its prior order, and Plaintiff was not obliged to amend or withdraw the claim in response to it. Plaintiff might yet state a claim against Ms. Nagum on amendment. For example, Plaintiff's briefs indicate she could plead additional facts linking Ms. Nagum's purported harassment based on disability to her response to a prior incident of harassment by a male employee. (Mot. 7; Reply 5–6.) The state court where the case originated should pass on this theory in the first instance.

///

## IV.    CONCLUSION

The Court grants Plaintiff's motion and remands this case to the Los Angeles County Superior Court, No. 26STCV00578. The Court directs the Clerk to effect the remand immediately, vacate all scheduled hearings and deadlines, and close the federal case.

**IT IS SO ORDERED.**